16-204-cv
Simonsen v. Bremby

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT: REENA RAGGI,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------------

DAWN SIMONSEN, by her attorney-in-fact, BRUCE SIMONSEN,

　　　　　　　　*Plaintiff-Appellee*,

　　　　v.　　　　　　　　　　　　　　　　No. 16-204-cv

RODERICK L. BREMBY, in his official capacity as Commissioner of the Connecticut Department of Social Services,

　　　　　　　　*Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:　　HUGH BARBER, Assistant Attorney General, *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, Connecticut.

APPEARING FOR APPELLEE:　　RENÉ H. REIXACH (Carmine Perri, Brendan F. Daly, Czepiga Daly Pope LLC, Berlin, Connecticut, *on the brief*), Woods Oviatt Gilman LLP, Rochester, New York.

1

Appeal from an order of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*) granting a preliminary injunction.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on December 23, 2015, is AFFIRMED.

Defendant Roderick Bremby, as Commissioner of the Connecticut Department of Social Services ("DSS"), appeals from an order preliminarily enjoining DSS from imposing a penalty on plaintiff Dawn Simonsen that would render her ineligible for Medicaid benefits. The penalty is based principally on DSS's determination that two decanted trusts ("Predecessor Trusts") constituted resources available to Simonsen to cover the cost of long-term care.[1] The district court concluded that, in reaching this determination, DSS impermissibly employed a "more restrictive" methodology than that used to determine federal Supplemental Security Income ("SSI") eligibility. *See* 42 U.S.C. §§ 1396a(a)(10)(C)(i), 1396a(r)(2)(A)(i). We review the grant of a preliminary injunction for abuse of discretion, which we will identify only where the decision rests on an error of law or a clearly erroneous finding of fact. *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015). We consider only the likelihood-of-success-on-the-merits prong of preliminary injunction analysis because it is the only one DSS disputes on appeal. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (discussing preliminary injunction standard). In conducting our

---

[1] Because the statutory mechanism by which the penalty period was imposed is not in dispute, we do not discuss it herein. *See* 42 U.S.C. § 1396p(c)(1)(A) (providing that individual is ineligible for assistance where he disposes of assets for less than fair market value).

review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Federal law requires that state Medicaid plans adopt eligibility methodologies that are no more restrictive than that used for the federal SSI program. *See* 42 U.S.C. § 1396a(r)(2)(A)(i); *id.* § 1396a(r)(2)(B) (explaining that no-more-restrictive requirement is met if, "using the methodology, additional individuals may be eligible for medical assistance and no individuals who are otherwise eligible are made ineligible for such assistance"). The parties agree that resource eligibility for the federal SSI program is governed by 20 C.F.R. § 416.1201, which defines "resource" as "cash or other liquid assets or any real or personal property that an individual . . . owns and could convert to cash to be used for his or her support and maintenance." Section 416.1201(a)(1) further states that property is to be considered a resource only "[i]f the individual has the right, authority or power to liquidate the property or his or her share of the property."

The term "resource," as used in the federal SSI regulation, is further interpreted in the SSI Program Operations Manual System ("POMS"). *See Lopes v. Dep't of Soc. Servs.*, 696 F.3d 180, 186 (2d Cir. 2012) (describing POMS as "set of guidelines through which the Social Security Administration further construes the statutes governing its operations" (alteration and internal quotation marks omitted)). This court has ruled that the POMS provisions are entitled to "substantial deference, and will not be disturbed as long as they are reasonable and consistent with the statute." *Id.* (internal quotation marks omitted). We will decline to defer to the POMS only where "the plain language

3

of the statute and its implementing regulation do not permit the construction contained within [them]." *Id.* (internal quotation marks omitted).

With these principles in mind, we consider DSS's argument that, as a matter of state law, the Predecessor Trusts constitute "support trusts," which Connecticut recognizes as resources available to the beneficiary. *See Corcoran v. Dep't of Soc. Servs.*, 271 Conn. 679, 699–700, 859 A.2d 533, 545 (2004) (holding that beneficiary of "general" support trust "has a legal right" to "compel distribution" of funds (internal quotation marks omitted)).[2] In support, DSS points to language in the document creating the Predecessor Trusts, which states as follows:

> The trustee shall pay to my daughter or utilize for her benefit so much of the income and principal of her trust as the trustee deems necessary or advisable from time to time for her health, maintenance in reasonable comfort, education and best interests considering all of her resources known to the trustee and her ability to manage and use such funds for her benefits.

J.A. 40, 41.[3] DSS further relies on language in the trust document stating that Simonsen's "health, happiness and best interests are to be considered foremost in priority over those who will receive the remaining trust funds on her death," as a result of which "the trustee is encouraged to be liberal in its use of the funds for her even to the extent of the full expenditure thereof." *Id.* at 40, 41–42.

In response, Simonsen argues that, pursuant to the POMS, *see* POMS SI § 01120.200(B)(16), (D)(1)(a), (D)(2), the existence of a spendthrift clause in the

---

[2] Although Simonsen seeks Medicaid benefits from Connecticut, the Predecessor Trusts, by their terms, must be construed according to Florida law.

[3] The relevant terms are identical as to both Predecessor Trusts.

4

Predecessor Trusts precludes them from being considered available resources for the federal SSI program and, in any event, the trust language establishes that the Predecessor Trusts cannot be considered support trusts nor, consequently, available resources.

We need not resolve the issues raised by Simonsen. We conclude, in any event, that the district court did not abuse its discretion in finding that Simonsen's interest in the Predecessor Trusts was not an available resource for purposes of Connecticut's Medicaid plan because that interest would not be so deemed for purposes of the SSI program. *See Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) ("[W]e may affirm on any ground supported by the record." (internal quotation marks omitted)).

The POMS defines an available resource as property (1) owned by an individual (2) who has the right, authority, or power to convert it to cash, *and* (3) who is not legally restricted from using it for her support and maintenance. *See* POMS SI § 01110.100(B)(1). The POMS further states that property is not a resource if the individual "is not legally able to transfer that interest to anyone else." *Id.* § 01110.100(B)(3). Here, the trust language affords Simonsen no authority to convert the trust corpus to cash or to transfer her trust interest to anyone. Thus, even if the Predecessor Trusts do constitute "support trusts," as DSS argues, Simonsen remains "legally restricted from using" the trust funds except as disbursed to her in the discretion of the trustee. *Id.* § 01110.100(B)(1).

This conclusion finds further support in POMS SI § 01120.200, which, in specifically referencing trusts, states *inter alia* that trust principal is a resource of a beneficiary who, "under the terms of the trust," can "direct the use of [that principal] for

5

. . . her support and maintenance." *Id.* § 01120.200(D)(1)(a). The POMS recognizes that a beneficiary's authority thus to control trust principal may be evident from "either specific trust provisions allowing the beneficiary to act on his or her own or by permitting the beneficiary to order actions by the trustee." *Id.* § 01120.200(D)(1)(b). The trust documents here provide no such authority or permission. The trustee alone has authority to direct the use of trust principal for Simonsen's support and welfare. Furthermore, the trust documents do not authorize Simonsen to "revoke or terminate" the trusts, and DSS does not contend that Simonsen can "sell . . . her beneficial interest" in the trusts, since they contain a valid spendthrift clause. *Id.* § 01120.200(D)(1)(a).

To the extent the trustee is authorized to direct use of principal only for Simonsen's support and welfare, Simonsen might well be able to sue were the trustee to do otherwise. *See generally* Restatement (Second) of Trusts § 187 (stating that trustee's exercise of discretion "is not subject to control by the court, except to prevent an abuse by the trustee of his discretion"). But the POMS states that an individual is "not require[d] . . . to undertake litigation in order to accomplish . . . access" to a resource. POMS SI § 01120.010(C)(2). "The property is not a resource under such circumstances . . . ." *Id.*

These POMS interpretations are not inconsistent with 20 C.F.R. § 416.1201's definition of resources and, thus, we defer to them here, *see Lopes v. Dep't of Soc. Servs.*, 696 F.3d at 186, and conclude that the district court did not abuse its discretion in determining that Simonsen had established likely success on the merits of her claim that the Predecessor Trusts are not available resources under the federal SSI program.

6

Accordingly, having considered DSS's remaining arguments and concluding that they are without merit, we AFFIRM the order granting preliminary injunctive relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7